| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL IX | | |
| ASOCIACIÓN DE NAVIEROS DE PUERTO RICO, INC.<br><br>Recurrido<br><br>v.<br><br>SAN JUAN BAY PILOTS CORP.<br><br>Recurrente | TA2026RA00330 | *REVISIÓN ADMINISTRATIVA* procedente de la Comisión de Practicaje de Puerto Rico<br><br>Caso número: CPPR-2026-002<br><br>Sobre: Querella |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

# SENTENCIA

En San Juan, Puerto Rico, a 23 de junio de 2026.

Comparece la parte recurrente, San Juan Bay Pilots, Corp., mediante el recurso de epígrafe y nos solicita que revoquemos una *Resolución y Orden* emitida y notificada el 18 de junio de 2026, por la Comisión de Practicaje de Puerto Rico. Mediante esta, emitió una orden provisional dirigida a la parte recurrente para que cese y desista inmediatamente de implementar, exigir, aplicar o hacer cumplir sus *Safety and Navigation Guidelines*, hasta tanto se lleve a cabo una vista administrativa pautada para el 25 de junio de 2026. Como parte del recurso, la parte recurrente también incluyó una moción en auxilio de jurisdicción, mediante la cual nos solicita que ordenemos la paralización inmediata del dictamen recurrido.

Por los fundamentos que se exponen a continuación, se declara No Ha Lugar la moción en auxilio de jurisdicción. En cuanto al recurso de epígrafe, se desestima por falta de jurisdicción.

**I**

El 14 de febrero de 2026, San Juan Bay Pilots, Corp. (San Juan Bay o parte recurrente) adoptó un cuerpo reglamentario denominado *Safety and Navigation Guidelines* (Guías). Este contiene ciertos requisitos de aplicación obligatoria y general para la prestación de servicios de practicaje en el Puerto de San Juan.[1]

El 30 de abril de 2026, la Asociación de Navieros de Puerto Rico, Inc. (Asociación) presentó la *Querella* de epígrafe ante la Comisión de Practicaje de Puerto Rico (Comisión).[2] En esta, alegaron que el proceso observado por San Juan Bay para la aprobación de las Guías constituyó un proceso de reglamentación que no satisfizo las disposiciones de la Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9601, *et seq.*[3]

Como remedio, la Asociación le solicitó a la Comisión una orden provisional dirigida a San Juan Bay para que cese y desista de implementar las Guías.[4] Ello, hasta tanto se dilucidase una *Demanda* sobre sentencia declaratoria y nulidad de reglamento, incoada en igual fecha por la Asociación, ante el Tribunal de Primera de Instancia, Sala Superior de San Juan.[5]

Sobre el mencionado pleito, tomamos conocimiento judicial respecto a que, el 10 de junio de 2026, el foro primario emitió y notificó una *Sentencia*, mediante la cual desestimó el caso, por razón de *removal* al Tribunal de Distrito Federal para el Distrito de Puerto Rico.[6] Sin embargo, el foro *a quo* se reservó jurisdicción a los únicos efectos de ordenar la reapertura del caso, a solicitud de parte interesada, en caso de que el foro federal deniegue el traslado.

---

[1] Véase, *Resolución y Orden* recurrida, determinación de hechos núm. 3, págs. 1-2.

[2] Véase, *Resolución y Orden* recurrida, determinación de hechos núm. 4, pág. 2.

[3] Conocida como *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico.*

[4] Véase, *Resolución y Orden* recurrida, determinación de hechos núm. 5, pág. 2.

[5] Entrada núm. 1 del caso núm. SJ2026CV03408 del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

[6] Entrada núm. 12 del caso núm. SJ2026CV03408 del SUMAC.

El 26 de mayo de 2026, los miembros de la Comisión celebraron una reunión extraordinaria, en la que discutieron los pormenores de la adopción de las Guías.[7] Durante la reunión, realizaron una votación, tras lo cual decidieron por mayoría que las Guías constituyen normas de aplicación general que no fueron adoptadas conforme a los procedimientos de reglamentación establecidos en la Ley Núm. 38-2017.[8]

Tras considerar la solicitud de remedio provisional, el 18 de junio de 2026, la Comisión emitió y notificó la *Resolución y Orden* recurrida. En virtud de esta, determinó, a manera preliminar, que las Guías no fueron aprobadas de conformidad con el procedimiento dispuesto en la Ley Núm. 38-2017. En consecuencia, emitió una orden provisional de cese y desista dirigida a San Juan Bay, hasta tanto se lleve a cabo una vista administrativa. En particular, le ordenó a la parte recurrente cesar y desistir con carácter inmediato de implementar, exigir, aplicar o hacer cumplir las Guías.

Así también, mediante una *Notificación de vista administrativa* emitida en igual fecha y de conformidad con la Regla 11 del Reglamento Núm. 6643 de 17 de junio de 2003 de la Comisión,[9] esta pautó la vista administrativa para el 25 de junio de 2026, a las 10:00 a.m. En la referida notificación, la Comisión expresó que el propósito de la vista será determinar si procede mantener, modificar o dejar sin efecto la orden provisional, luego de considerar la evidencia y los argumentos que presenten las partes.

En desacuerdo, el 22 de junio de 2026, San Juan Bay acudió ante este Foro mediante el recurso de epígrafe,[10] en el que señaló que la Comisión cometió los errores siguientes:

> Erró la Comisión al emitir la Resolución y no abstenerse de emitir la misma, sabiendo que había una acción judicial

---

[7] Véase, *Resolución y Orden* recurrida, determinación de hechos núm. 6, pág. 2.
[8] Véase, *Resolución y Orden* recurrida, determinación de hechos núm. 10, pág. 3.
[9] Conocido como *Reglamento de procedimientos adjudicativos*.
[10] Entrada núm. 1 del caso núm. TA2026RA00330 del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA).

pendiente de resolución y permitir que la Asociación de Navieros incurriera en la mala práctica de "forum shopping" e ignorar sus decisiones previas.

Erró la Comisión al emitir una resolución de cese y desista al amparo de la regla 11 sin realizar determinaciones específicas, sustentadas por el expediente, sobre la existencia de un grave daño inmediato, un peligro inminente o una amenaza concreta a la salud, la seguridad o el bienestar del pueblo de puerto rico.

Erró la Comisión al utilizar un procedimiento adjudicativo de acción inmediata, diseñado para emergencias, para resolver de forma coercitiva e inmediata una controversia jurídica ordinaria sobre la aplicabilidad de la LPAU y la naturaleza jurídica de las Guías.

Erró la Comisión al conceder, sin vista previa, el remedio judicial que fue solicitado por la Asociación de Navieros ante el tribunal superior y al predicar dicha orden en una determinación jurídica preliminar de que las guías constituyen normas de aplicación general no adoptadas conforme a la LPAU.

Erró la Comisión al emitir una resolución inmediata, sin fecha de expiración y sin límite temporal expreso, que opera como una prohibición continua e indefinida pese a que la Regla 11 exige una vista dentro de diez días para resolver si la orden provisional se hace permanente o se revoca.

Erró la Comisión al actuar de forma arbitraria y caprichosa al suspender la totalidad de las Guías sin realizar un análisis técnico del impacto operacional y de seguridad que produciría su eliminación inmediata.

Erró la Comisión al imponer una restricción inmediata sobre el uso colectivo de criterios profesionales de seguridad marítima por prácticos licenciados sin satisfacer los requisitos reglamentarios y constitucionales mínimos aplicables a una actuación coercitiva previa a una vista.

Como parte del recurso ante nos, la parte recurrente incluyó una moción en auxilio de jurisdicción. En específico, nos solicitó que ordenemos la paralización inmediata del dictamen recurrido, con el objetivo de preservar el *statu quo* existente con anterioridad a la efectividad de la orden provisional, mientras se adjudica la procedencia del recurso ante nos.

El 23 de junio de 2026, la Asociación presentó un escrito que tituló *Moción de desestimación por falta de jurisdicción y oposición a moción en auxilio de jurisdicción.*[11] En este, argumentó que procede la desestimación del recurso de epígrafe. Arguyó que, al tratarse de

---

[11] Entrada núm. 6 del caso núm. TA2026RA00330 del SUMAC TA.

una orden provisional y no de una resolución final, el dictamen recurrido no está sujeto a la revisión de este Foro, de conformidad con la sección 4.2 de la Ley Núm. 38-2017, 3 LPRA sec. 9672. Por tanto, sostuvo que este Foro carece de jurisdicción para dilucidar el recurso en sus méritos. Por su parte, el 23 de junio de 2026, San Juan Bay presentó un escrito mediante el cual se opuso a la solicitud de desestimación instada por la Asociación.[12]

Con el beneficio de la comparecencia de ambas partes, procedemos a disponer de la controversia jurisdiccional que nos ocupa.

**II**

**A**

La jurisdicción es el poder o autoridad que posee un tribunal para considerar y decidir un caso o controversia. *Fideicomiso de Conservación de Puerto Rico y Para la Naturaleza, Inc. v. ELA*, 211 DPR 521, 529 (2023); *MCS Advantage, Inc. v. Fossas Blanco*, 211 DPR 135, 144 (2023); *Cobra Acquisitions, LLC. v. Municipio de Yabucoa* 210 DPR 384, 394 (2022). Nuestro Tribunal Supremo ha reiterado que los tribunales debemos ser fieles guardianes de nuestra jurisdicción y en que no tenemos discreción para asumir jurisdicción allí donde no la hay. Es decir, la jurisdicción incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Management Group, Inc. v. Oriental Bank,* 204 DPR 374, 386 (2020); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007). En consecuencia, les corresponde a los foros adjudicativos examinar su propia jurisdicción. *S.L.G. Szendrey-Ramos v. F. Castillo.,* supra, pág. 883.

La falta de jurisdicción tiene las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden

---

[12] Entrada núm. 7 del caso núm. TA2026RA00330 del SUMAC TA.

voluntariamente conferírsela a un tribunal como tampoco puede este arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. S.L.G. Solá-Moreno v. Bengoa Becerra,* 182 DPR 675, 682 (2011). Por tanto, cuando este Foro carece de jurisdicción, "procede la inmediata desestimación del recurso apelativo [...]". *S.L.G. Szendrey-Ramos v. F. Castillo,* supra, pág. 883.

Cónsono con lo anterior, este Foro puede desestimar un recurso ante su consideración, por falta de jurisdicción, a petición de parte o *motu proprio.* Véase, Regla 83(B)(1)(C) Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(B)(1)(C).[13]

**B**

El artículo 4.006 de la Ley Núm. 201-2003, 4 LPRA sec. 24y(c), conocida como *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003*, solo autoriza al Tribunal de Apelaciones a revisar las órdenes o resoluciones finales emitidas por organismos o agencias administrativas. *Hernández Feliciano v. Mun. Quebradillas*, 211 DPR 99, 113 (2023). Para fines de derecho administrativo, una "orden o resolución" es "cualquier decisión o acción agencial de aplicación particular que adjudique derechos u obligaciones de una o más personas específicas, o que imponga penalidades o sanciones administrativas excluyendo órdenes ejecutivas emitidas por el Gobenador". Sección 1.3(g) de la Ley Núm. 38-2017, 3 LPRA sec. 9603, conocida como *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAUG).

---

[13] *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR ___ (2025).

De este modo, una orden o resolución se considera final cuando ha sido emitida por la última autoridad decisoria o adjudicativa del ente administrativo y pone fin a la controversia ante la agencia, sin dejar asunto pendiente alguno. *Bird Const. Corp. v. AEE*, 152 DPR 928, 935-936 (2000); *J. Exam. de Tec. Med. v. Elías et al.*, 144 DPR 483, 490 (1997). Así, pues, el sistema propende a agotar, en primera instancia, los remedios provistos a nivel administrativo, antes de que proceda la intervención del foro judicial para revisar las determinaciones de las agencias.

Cónsono con lo anterior, la sección 4.2 de la Ley Núm. 38-2017, 3 LPRA sec. 9672, dispone que:

> **Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones**, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la sec. 9655 de este título, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. […].

(Negrillas suplidas).

Asimismo, la doctrina de agotamiento de remedios administrativos está recogida en la citada sección. Dicha doctrina constituye una norma de abstención judicial que pretende lograr que las reclamaciones sometidas inicialmente a la esfera administrativa lleguen al foro judicial en el momento adecuado. *Igartúa de la Rosa, et als. v. A.D.T.*, 147 DPR 318, 331 (1998). Su objetivo principal es evitar una intervención judicial innecesaria y a destiempo que tienda a interferir con el cauce y desenlace normal del procedimiento administrativo. *Delgado Rodríguez v. Nazario de Ferrer*, 121 DPR 347, 355 (1988).

Así, pues, la doctrina de agotamiento de remedios administrativos constituye un requisito jurisdiccional que no debe

ser soslayado, a menos que se configure alguna de las limitadas excepciones que, al amparo de nuestro ordenamiento jurídico, justifican el trámite administrativo. *Igartúa de la Rosa v. A.D.T.*, supra, pág. 331. A tenor con ello, la sección 4.3 de la LPAUG dispone las excepciones a la referida doctrina:

> El tribunal podrá relevar a un peticionario de tener que agotar alguno o todos los remedios administrativos provistos en el caso de que dicho remedio sea inadecuado, o cuando el requerir su agotamiento resultare en un daño irreparable al promovente y en el balance de intereses no se justifica agotar dichos remedios, o cuando se alegue la violación sustancial de derechos constitucionales, o cuando sea inútil agotar los remedios administrativos por la dilación excesiva en los procedimientos, o cuando sea un caso claro de falta de jurisdicción de la agencia, o cuando sea un asunto estrictamente de derecho y es innecesaria la pericia administrativa.

3 LPRA sec. 9673.

**III**

Luego de analizar el recurso de epígrafe, en conjunto con la comparecencia escrita de la Asociación, concluimos que estamos impedidos de atender los señalamientos de error formulados por San Juan Bay. Esto, debido a que, en virtud del recurso ante nos, la parte recurrente no solicita la revisión de una resolución administrativa que tenga carácter final. En consecuencia, carecemos de jurisdicción para adjudicar el presente recurso en sus méritos. Veamos.

De acuerdo con la información acreditada por las partes y, de conformidad con lo expresado por la Comisión en el dictamen recurrido, el alcance de este se limita a un remedio provisional que no cumple con las características de una orden o resolución final. Surge de los autos que la Comisión emitió dicho remedio, de conformidad con la Regla 11 del Reglamento Núm. 6643, la cual codifica un procedimiento adjudicativo de acción inmediata que contempla órdenes provisionales como la que nos ocupa. En lo pertinente, la Regla 11.1 dispone lo siguiente:

> [L]a Comisión podrá emitir una resolución o una orden provisional de cesar y desistir sin la celebración de vista [...]. Dentro de los 10 días posteriores a la emisión de dicha resolución u orden provisional, la Comisión celebrará una vista administrativa en la que resolverá si dicha orden provisional se hace permanente o se revoca.

Sobre el proceso de revisión de los dictámenes emitidos por la Comisión en su rol adjudicativo, la Regla 30 del Reglamento Núm. 6643 dispone lo pertinente a reconsideración y revisión judicial. En específico, la Regla 30.1 dispone que "[l]a parte adversamente afectada por una resolución u orden parcial interlocutoria o final podrá solicitar Reconsideración [...]". Asimismo, la Regla 30.3 establece que "[u]na parte no conforme con la resolución de su solicitud de Reconsideración podrá solicitar la revisión de la orden cuya Reconsideración solicitó [...]".

Tras un análisis integral de las disposiciones pertinentes de la LPAUG, así como del Reglamento Núm. 6643, surge que el dictamen recurrido no es susceptible de revisión por parte de este Foro, en esta etapa del trámite administrativo. Incluso, es importante resaltar que la *Resolución y Orden* recurrida ni siquiera cumple con la definición de "orden o resolución" codificada en la LPAUG, en la medida que únicamente impone una medida provisional, sin adjudicar "derechos u obligaciones de una o más personas específicas [...]".[14]

En fin, es forzoso concluir que carecemos de jurisdicción para dilucidar el recurso de epígrafe en sus méritos. En consecuencia, procede su desestimación.

**IV**

Por los fundamentos que anteceden, se declara No Ha Lugar la moción en auxilio de jurisdicción. En cuanto al recurso de epígrafe, se desestima por falta de jurisdicción.

---

[14] Sección 1.3(g) de la Ley Núm. 38-207, 3 LPRA sec. 9603.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del

Tribunal de Apelaciones.

Notifíquese inmediatamente.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones